## COMMONWEALTH vs. JAMES MONAHAN.

*An indictment for perjury by testifying upon the trial of a complaint for an assault upon this defendant, that the person complained of did not assault him on a day named, whereas in fact, as this indictment alleged, he did so assault him on that day, is not supported by evidence that this defendant testified as alleged, and that he was so assaulted either on the day named or the day before.*

DEWEY, J. The allegations in the count of the indictment upon which the jury have returned a verdict of guilty are that on the trial of Andrew McEvoy for an assault and battery upon the defendant, it became and was a material inquiry on the issue whether the said Andrew McEvoy, at Lowell, on the tenth day of September 1856, did assault, beat, wound and ill treat the defendant, and whether the said Andrew McEvoy at any time in said September did assault, beat, wound and ill treat the defendant; and that the defendant on said trial did testify that he was not assaulted by said Andrew McEvoy on said tenth of September, and that he was not assaulted and beaten by the said Andrew McEvoy at any time in September, meaning the month of September 1856; and the indictment further alleges, by way of negativing the testimony of the defendant, and specially assigning perjury, " that in truth, and in fact, the said Andrew McEvoy, at said Lowell, on said tenth day of September in the year aforesaid, with force and arms did assault the defendant, and him did then and there, to wit, on said tenth day of September, strike, kick, beat and wound." No other portion of the testimony is negatived by the indictment than what is above stated.

The proof offered by the government, tending to show that an assault and battery was actually committed by Andrew McEvoy upon the defendant, did not establish the fact that it was on the tenth day of September, but that it was on the ninth or tenth day of September. Upon this state of the evidence, the counsel for the defendant, on the trial in the court of common pleas, requested the court to instruct the jury that they could find the defendant guilty in relation to that testi

mony only of the defendant, the truth of which was specially negatived in the manner stated above. But the presiding judge, after stating that the proof offered by the government of the falsity of the defendant's testimony must substantially correspond with and sustain the negativing portion of the indictment above set out, further ruled and instructed the jury "that it was immaterial whether the assault and battery was shown to have been committed on the ninth or the tenth of September."

To this last instruction exceptions were taken, and the court are of opinion that they must be sustained. The government might in the indictment have negatived the entire testimony of the defendant, as well that wherein he testified that McEvoy did not assault and beat him at any time in September, as the testimony that McEvoy did not assault and beat him on the tenth day of September. But in fact the Commonwealth only negatived his testimony that he was not assaulted by McEvoy on the tenth of September. The whole charge of perjury was thereby restricted, and the government was bound to show that this particular statement of his was false. But showing that he was assaulted by McEvoy on the ninth of September did not disprove his testimony that he was not assaulted on the tenth of September. Both these statements might be true, and proving one of them to be so did not falsify the other.

If it be said that the precise day of committing the assault and battery, and whether it was on the ninth or tenth of September, was immaterial on the trial of the complaint against McEvoy for the assault and battery, that is clearly so, as the precise time stated in the indictment need not have been proved on such a trial. But it is not so in this indictment for perjury. The allegation here is that the defendant swore falsely in testifying that McEvoy did not assault him on the tenth of September. The day thus becomes material, and the negation of this testimony is not sustained by proving that the defendant was assaulted by McEvoy on the ninth of September.

The ruling and instruction to the jury being wrong upon this point, the verdict must be set aside and a new trial had  Upon

the other questions raised it is unnecessary at this time to express any opinion, as the facts may be different on a future trial. *Exceptions sustained.*

*T. H. Sweetser*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.